UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTERRANCE WINGATE,

    Plaintiff,

vs.

CITY OF DETROIT,
ANTHONY BROWN,
and TEANA WALSH
jointly and severally,

    Defendants.

Case No. 15-cv-
Hon.
Magistrate Judge:

_____/

Mark E. Boegehold (P38699)
The Thurswell Law Firm, P.L.L.C.
*Attorneys for Plaintiff*
1000 Town Center, Suite 500
Southfield, MI 48075
(248) 354-2222 (Fax – 2323)
mboegehold@thurswell.com

_____/

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

NOW COMES the Plaintiff, VICTERRANCE WINGATE, by and through his attorneys, THE THURSWELL LAW FIRM, P.L.L.C., and MARK E. BOEGEHOLD, complaining against Defendants, and states the following:

### GENERAL ALLEGATIONS

1. Plaintiff is a resident of the City of Detroit, County of Wayne, State of Michigan

2. Upon information and belief Defendant Anthony Brown is and was a Detroit Police Officer.

3. Defendant City of Detroit is a public corporation conducting business in the County of Wayne.

4. Defendant Teana Walsh is and was a prosecuting attorney.

5. Upon information and belief the Defendants are all residents of Wayne County, Michigan, and/or they conduct business in Wayne County, Michigan.

6. The events giving rise to this action took place in Wayne County, Michigan.

7. When the events alleged in this Complaint occurred, Defendants were acting within the scope of their employment and under color of state law.

8. That the damages in this case exceed $75,000.00 and this matter involves United States Constitutional violations and violations of Federal Statutes and, therefore, jurisdiction is proper.

## FACTUAL ALLEGATIONS

9. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 8, as though fully stated herein.

10. On or about November 17, 2013, Plaintiff, Victerrance Wingate, witnessed a shooting in Highland Park, Wayne County, Michigan.

11. Plaintiff never received any communication including a subpoena to appear for any hearing.

12. On or about January 3, 2014, police officers arrived at Plaintiff's home in Wayne County and arrested him for failing to appear as a witness to the shooting case.

13. Defendant Teana Walsh petitioned for an order for attachment to have Plaintiff held as a material witness.

14. Plaintiff was transported to the Corrections Department on Mound Road where he was detained for three days.

15. On or about January 6, 2014, Plaintiff was transferred to William Dickerson Detention Center where he was detained over night.

16. On or about January 8, 2014, at about 1:30 a.m., Plaintiff was released from the William Dickerson Detention Center, at which time Plaintiff had to walk home.

17. As a result, Plaintiff sustained emotional trauma, fright, shock, embarrassment, humiliation, pain and suffering, denial of civil rights, medical expenses and wage loss, and may continue to do so in the future.

18. Defendants knew, or should have known, that Plaintiff had not received notice that he was a material witness to a shooting and/or that he was supposed to attend a hearing.

19. The Defendants knew, or should have known, that Plaintiff was improperly detained for four nights.

20. The Defendants did not make proper inquiry before issuing Plaintiff's order for attachment.

Wherefore Plaintiff respectfully requests judgment in his favor in an amount to fairly compensate him or his injury along with punitive exemplary damages, costs, interest and attorney fees.

## COUNT I
### Constitutional Violations

21. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 20, as though fully stated herein.

22. Defendants unreasonably, unlawfully and without cause detained Plaintiff for four days without proper notice or due process, resulting in false imprisonment and danger and injury to Plaintiff in violation of Plaintiff's Constitutional rights under the Fourth, Fifth, Eighth and Fourteenth Amendments.

23. Defendants, under color of law, deprived Plaintiff of the rights and privileges secured under the United States Constitution including, but not limited to, Plaintiff's right not to be deprived of liberty, as guaranteed by Amendments IV, V and XIV of the United States Constitution.

24. Defendants' actions violated clearly established well-settled constitutional rights of the Plaintiff.

25. As a proximate cause of Defendants' violation of Plaintiff's rights under the U.S. Constitution, Plaintiff has suffered the above-mentioned injuries as well as other damages, including, but not limited to, pain and suffering, humiliation, and embarrassment, mortification, loss of enjoyment of life, emotional suffering and damage, mental anguish and denial of constitutional rights and liberties.

WHEREFORE, Plaintiff requests the following relief:

a. That a judgment be entered against Defendants in whatever amount Plaintiff is found to be entitled for compensatory damages, together with interest, costs and attorney fees;

b. That this Honorable Court order the speedy hearing of this action and advance it on the calendar as provided by MCR 2.605(D);

c. That this Court grant such further relief as it deems proper and just.

d. Punitive, treble and all other damages allowable under state and federal law.

## COUNT II
Deprivation of Rights under 42 U.S.C. § 1983

26. Plaintiff hereby re-alleges and incorporated by reference paragraphs 1 through 25 above, as though fully set forth herein.

4

27. The omissions and actions by all Defendants in their individual and official capacities under the Eighth, Fifth, Fourth and Fourteenth Amendments to the Constitution and 42 USC §1983 were all performed under the color of state law and were unreasonable and performed knowingly, wantonly, deliberately, indifferently, intentionally, maliciously and with gross negligence, callousness and reckless indifference to Plaintiff's wellbeing and in reckless disregard to Plaintiff's safety and life and/or with wanton intent for Plaintiff to suffer the unnecessary knowing and/or intentional infliction of physical and emotional pain and suffering.

28. Defendant City of Detroit is liable by the failure to properly train and supervise the Individual Defendant Anthony Brown, and to develop and implement policies and procedures for which Plaintiff is entitled to compensatory and punitive damages.

29. As a direct and proximate result of the misconduct detailed above, Plaintiff sustained the damages hereinbefore alleged.

WHEREFORE, Plaintiff requests the following relief:

    a. That a judgment be entered against Defendants in whatever amount Plaintiff is found to be entitled for compensatory damages, together with interest, costs and attorney fees;

    b. That this Honorable Court order the speedy hearing of this action and advance it on the calendar as provided by MCR 2.605(D);

    c. That this Court grant such further relief as it deems proper and just.

    d. Punitive, treble and all other damages allowable under state and federal law.

### COUNT III
### 42 U.S.C. § 1983
### (Against All the Defendants)

30. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 29 above, as though fully set forth herein.

31. By reason of the foregoing, by denying Plaintiff his safety and wellbeing, the Individual Defendants Anthony Brown and Teana Walsh deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution among others. The Defendant Anthony Brown, acting under color of law, was personally involved in this deprivation by: failing to notify Plaintiff of his status as a witness; failing to subpoena Plaintiff, representing to prosecutors that Plaintiff had failed to show up for a hearing, detaining Plaintiff for four days without reason or cause; being grossly negligent in failing to notify Plaintiff of his status as a witness; and/or exhibiting deliberate indifference to Plaintiff's rights by not acting on information which indicated that unconstitutional acts were occurring, and, by all acts and omissions hereinbefore and hereinafter alleged.

32. By reason of the foregoing, by denying Plaintiff his safety and wellbeing, the Individual Defendant Teana Walsh deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution among others. The Defendant Teana Walsh, acting under color of law, was personally involved in this deprivation by: petitioning the court to get Plaintiff arrested; detaining Plaintiff for four days without reason or cause; being grossly negligent in failing to notify Plaintiff of his status as a witness or making inquiry as to the grounds for the petition for attachment and allowing Plaintiff to be detained; and/or exhibiting

deliberate indifference to Plaintiff's rights by not acting on information which indicated that unconstitutional acts were occurring, and, by all acts and omissions hereinbefore and hereinafter alleged.

33. By reason of the foregoing, the Individual Defendants and all Defendants deprived Plaintiff of rights, remedies, privileges and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth, Fifth and Fourteenth Amendments of the United States Constitution.

34. The Individual Defendants acted under and within the scope of their respective employment as the officer in charge of coordinating witnesses for trial and as the prosecuting attorney. Said acts by the Individual Defendants occurred in the individual and official capacities of their jurisdiction and in abuse of their powers, and all Defendants acted willfully, knowingly and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1982 and by the Fourth, Eighth, Fifth and Fourteenth Amendments of the United States Constitution.

35. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

WHEREFORE, Plaintiff requests the following relief:

    a. That a judgment be entered against Defendants in whatever amount Plaintiff is found to be entitled for compensatory damages, together with interest, costs and attorney fees;

    b. That this Honorable Court order the speedy hearing of this action and advance it on the calendar as provided by MCR 2.605(D);

    c.    That this Court grant such further relief as it deems proper and just.

    d.    Punitive, treble and all other damages allowable under state and federal law.

## COUNT IV
### Michigan Constitution, Art. 1 § 2 and § 17

36.    Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 35 above, as though fully set forth herein.

37.    By reason of the foregoing, and by denying Plaintiff his liberty, safety and wellbeing during his detainment in the correctional facilities, the Defendants deprived him of rights, remedies, privileges and immunities guaranteed to every citizen of Michigan by Article 1 § 2 and § 17 of the Michigan Constitution.

38.    The Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents or employees. Said acts by the Defendants were beyond the scope of their jurisdiction, without authority of law, and in the abuse of their powers.

39.    The Defendants, their officers, agents, servants and employees were responsible for the deprivation of Plaintiff's state constitutional rights.

40.    As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

WHEREFORE, Plaintiff requests the following relief:

    a.    That a judgment be entered against Defendants in whatever amount Plaintiff is found to be entitled for compensatory damages, together with interest, costs and attorney fees;

  b. That this Honorable Court order the speedy hearing of this action and advance it on the calendar as provided by MCR 2.605(D);

  c. That this Court grant such further relief as it deems proper and just.

  d. Punitive, treble and all other damages allowable under state and federal law.

## COUNT V
### Intentional Infliction of Emotion Distress

41. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 40 above, as though fully set forth herein.

42. The Individual Defendants engaged in extreme and outrageous conduct intentionally and recklessly causing severe emotional distress to Plaintiff.

43. By reason of the foregoing, the Individual Defendants are liable for the intentional infliction of emotional distress upon Plaintiff.

44. The Individual Defendants, their officers, agents, servants and employees were responsible for the intentional infliction of emotional distress suffered by Plaintiff.

45. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

WHEREFORE, Plaintiff requests the following relief:

  a. That a judgment be entered against Defendants in whatever amount Plaintiff is found to be entitled for compensatory damages, together with interest, costs and attorney fees;

  b. That this Honorable Court order the speedy hearing of this action and advance it on the calendar as provided by MCR 2.605(D);

  c. That this Court grant such further relief as it deems proper and just.

      d.      Punitive, treble and all other damages allowable under state and federal law.

## COUNT VI
### Negligent Infliction of Emotional Distress

46. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 45 above, as though fully set forth herein.

47. By reason of the foregoing, the Individual Defendants are liable for the negligent infliction of emotional distress, which resulted from gross negligence.

48. The Individual Defendants, their officers, agents, servants and employees were responsible for this negligent infliction of emotional distress.

49. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

WHEREFORE, Plaintiff requests the following relief:

    a.    That a judgment be entered against Defendants in whatever amount Plaintiff is found to be entitled for compensatory damages, together with interest, costs and attorney fees;

    b.    That this Honorable Court order the speedy hearing of this action and advance it on the calendar as provided by MCR 2.605(D);

    c.    That this Court grant such further relief as it deems proper and just.

    d.    Punitive, treble and all other damages allowable under state and federal law.

## COUNT VII
### Negligent Hiring/Training/Retention of Employment Services/Lack of protocol.

50. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 49 above, as though fully set forth herein.

51. The all Defendants owed a duty of care to Plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that injury to Plaintiff or to those in a like situation would probably result from the conduct alleged herein.

52. The Defendant City of Detroit failed to have in place proper protocol for preventing injury and harassment, to Plaintiff, or failed to enforce said protocol which constituted gross negligence and violations of 42 U.S.C. § 1983 and constitutional rights described above.

53. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

WHEREFORE, Plaintiff requests the following relief:

    a. That a judgment be entered against Defendants in whatever amount Plaintiff is found to be entitled for compensatory damages, together with interest, costs and attorney fees;

    b. That this Honorable Court order the speedy hearing of this action and advance it on the calendar as provided by MCR 2.605(D);

    c. That this Court grant such further relief as it deems proper and just.

    d. Punitive, treble and all other damages allowable under state and federal law.

## COUNT VIII
### False Imprisonment

54. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 53 above, as though fully set forth herein.

55. Plaintiff was imprisoned unlawfully and against his will by the Defendants.

56.  Defendants had no legal reason or probable cause to imprison Plaintiff.

57.  The allegations that Plaintiff failed to appear as a Material Witness after proper notice were completely false, and created wholly by the Defendants to justify the above wrongful acts.

WHEREFORE, Plaintiff requests the following relief:

- e.  That a judgment be entered against Defendants in whatever amount Plaintiff is found to be entitled for compensatory damages, together with interest, costs and attorney fees;
- f.  That this Honorable Court order the speedy hearing of this action and advance it on the calendar as provided by MCR 2.605(D);
- g.  That this Court grant such further relief as it deems proper and just.
- h.  Punitive, treble and all other damages allowable under state and federal law.

## COUNT IX
### Gross Negligence

58.  Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 57 above, as though fully set forth herein.

59.  Defendant Anthony Brown failed to issue a subpoena or allowed said failure and represented or caused to be represented to prosecutors that Plaintiff had failed to attend a required hearing and engaged in conduct so reckless as to demonstrate a substantial lack of concern for whether an injury resulted. Said negligence constituted gross negligence.

60. Defendant Teana Walsh without proper inquiry and/or knowing a petition was not justified petitioned the court to issue a warrant for Plaintiff's arrest and engaged in conduct so

reckless as to demonstrate a substantial lack of concern for whether an injury resulted. Said negligence constituted gross negligence.

61. Plaintiff sustained injury as a direct and proximate result of the wrongful acts of the Defendants as alleged herein, including:

    a. Shock, embarrassment, and emotional damage;

    b. Hampered enjoyment of his normal pursuit of life, including his ability to earn money; and

    c. Continued pain and suffering.

    d. Punitive, treble and all other damages allowable under state and federal law.

62. Defendants' conduct was grossly negligent because it was so reckless that it demonstrated a substantial lack of concern for Plaintiff's safety and wellbeing.

WHEREFORE, Plaintiff requests the following relief:

    a. That a judgment be entered against Defendants in whatever amount Plaintiff is found to be entitled for compensatory damages, together with interest, costs and attorney fees;

    b. That this Honorable Court order the speedy hearing of this action and advance it on the calendar as provided by MCR 2.605(D);

    c. That this Court grant such further relief as it deems proper and just.

Respectfully Submitted,

The Thurswell Law Firm, P.L.L.C.

Dated: December 30, 2015        By: _____
                                    Mark E. Boegehold (P38699)
                                    *Attorneys for Plaintiff*
                                    1000 Town Center, Suite 500
                                    Southfield, MI 48075-1221
                                    (248) 354-2222

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

VICTERRANCE WINGATE,

    Plaintiff,

vs.

CITY OF DETROIT,
TEANA WALSH
and ANTHONY BROWN,
jointly and severally,

    Defendants.

Case No. 15-cv-
Hon.
Magistrate Judge:

_____/

Mark E. Boegehold (P38699)
The Thurswell Law Firm, P.L.L.C.
*Attorneys for Plaintiff*
1000 Town Center, Suite 500
Southfield, MI 48075
(248) 354-2222 (Fax – 2323)
mboegehold@thurswell.com

_____/

## DEMAND FOR JURY TRIAL

**NOW COMES** Plaintiff, Victerrance Wingate, by and through his attorneys, The Thurswell Law Firm, P.L.L.C. and Mark E. Boegehold, and hereby makes a formal demand for a **Trial by Jury** of the facts and issues involved in this cause of action.

    Respectfully submitted,

    THE THURSWELL LAW FIRM, P.L.L.C.

Dated:  December 30, 2015    By:_____
    MARK E. BOEGEHOLD P(38699)
    *Attorney for Plaintiff*
    1000 Town Center, Suite 500
    Southfield, MI 48075
    (248) 354-2222